HON. ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant. | Case No. 11-5810RJB <br><br> **CONSENT DECREE** |

## I. STIPULATIONS

Plaintiff Waste Action Project sent a sixty day notice of intent to sue letter to Defendant Union Pacific Railroad Company ("Union Pacific") on July 29, 2011, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Union Pacific's facility in Fife, Washington and seeking declaratory and injunctive relief, civil penalties and attorneys' fees and costs.

Union Pacific denies any fault, wrongdoing, or liability regarding all claims and alleged violations.

Waste Action Project and its counsel have no present intention to initiate a Clean Water Act suit against any other Union Pacific facility.

Waste Action Project and Union Pacific agree that settlement of these matters is in the

CONSENT DECREE: No. 11-5810RJB
p. 1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

Waste Action Project and Union Pacific stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Waste Action Project's claims or allegations set forth in its complaint and its sixty-day notice.

DATED this October 19, 2012

| JOYCE ZIKER PARKINSON PLLC | SMITH & LOWNEY PLLC |
|---|---|
| By _____ Stephen T. Parkinson, WSBA #21111 Attorneys for Defendant Union Pacific Railroad Company | By s/Richard A. Smith Richard A. Smith, WSBA #21788 Attorneys for Plaintiff Waste Action Project |
| UNION PACIFIC RAILROAD COMPANY | WASTE ACTION PROJECT |
| By _____ Title: 10/19/12 | By _____ Greg Wingard Title: Executive Director |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below.

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree applies to the operation, oversight, or both by Defendant Union Pacific Railroad Company ("Union Pacific") of its Facility, as defined in 40 C.F.R. §122.2, at 3330 20th Street East, Fife, Washington 98424 (the "*Facility*").

CONSENT DECREE: No. 11-5810RJB
p. 2

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

5.  This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is Waste Action Project's exclusive remedy for any violation of its terms.

6.  This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Waste Action Project in this case or of any fact or conclusion of law related to those allegations. It is not evidence of any wrongdoing or misconduct on the part of Union Pacific.

7.  Union Pacific agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this decree:

   a.  Union Pacific will comply fully with all conditions of its National Pollutant Discharge Elimination System Permit No. WAR001153 (the "*NPDES permit*") and any successor, modified, or replacement permit;

   b.  Not later than the date of entry of this Consent Decree, Union Pacific will amend its Storm Water Pollution Prevention Plan ("SWPPP") to include and incorporate the spill prevention and control best management practices ("BMPs") of the locomotive fueling contractor that services the Facility, and a requirement that all locomotive fueling at the Facility be in accordance with such BMPs.

   c.  Not later than the date of entry of this Consent Decree, Union Pacific will dispose of or store under storm resistant cover any stockpiled scrap metal, including pipes, at the Facility.

   d.  Not later than the date of entry of this Consent Decree, Union Pacific will either contain, or collect and dispose of, the treated wood debris that accumulated near the Facility's waste disposal areas, and amend its SWPPP to include BMPs to clean up or

CONSENT DECREE: No. 11-5810RJB
p. 3

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

contain future accumulation of treated wood debris at the Facility.

e.  Not later than one hundred twenty (120) days after entry of this Consent Decree, Union Pacific will construct a concrete spill containment pad beneath its above-ground diesel storage tank and a roof over the tank to prevent direct entry of precipitation onto the spill containment pad. The roofing material will be of a type that does not leach metals into stormwater.

f.  For one year commencing on the first sampling event following entry of this Consent Decree, Union Pacific will collect quarterly samples at three of the pipes located along the earthen ditch to the south of the Facility's current stormwater monitoring locations. The three pipes will be approximately equidistant from each other. Union Pacific will follow the sampling and analysis procedures of Condition S4. of the NPDES Permit, except that Union Pacific will analyze only the copper and zinc concentrations of each sample.

g.  Union Pacific will forward copies of all written or electronic communications between it and the Department of Ecology concerning its compliance with the NPDES permit and the Clean Water Act, including but not limited to discharge monitoring reports, and the results of its quarterly samples described in subsection (f.) of this paragraph seven (7) to Waste Action Project on or before the NPDES permit's quarterly due dates for discharge monitoring reports. This obligation will continue through the termination date of this Consent Decree.

8.  Not later than 30 days after the entry of this Consent Decree, Union Pacific will pay $20,000.00 (TWENTY THOUSAND DOLLARS) to EarthCorps for the Sha Dadx and Swan Creek habitat restoration projects, described in Attachment A to this Consent Decree. Checks shall be made to the order of EarthCorps. Payment shall be sent to: Steve Dubiel, EarthCorps, 6310 NE 74th Street, Suite 201E, Seattle, Washington, 98115. Payment shall include the following reference in a cover letter or on the check: "Consent Decree, WAP v. Union Pacific

CONSENT DECREE: No. 11-5810RJB
p. 4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

RR" A copy of each check and cover letter, if any, shall be sent simultaneously to: Greg Wingard, Waste Action Project, P.O. Box 4832, Seattle, WA 98194. This payment shall not be considered a penalty under the Clean Water Act.

9. Union Pacific will pay Waste Action Project's reasonable attorney and expert fees and costs in the amount of $15,000.00 (FIFTEEN THOUSAND DOLLARS). Payment will be made within 30 days of the entry of this decree by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith. This payment is full and complete satisfaction of any claims Waste Action Project may have under the Clean Water Act for fees and costs.

10. A force majeure event is any event outside the reasonable control of Union Pacific that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree. If a force majeure event occurs, Union Pacific shall notify Waste Action Project of the event; the steps that Union Pacific will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Union Pacific will notify Waste Action Project of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen days after the occurrence of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

CONSENT DECREE: No. 11-5810RJB
p. 5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

  e. Restraint by court order or order of public authority;

  f. Strikes; and

  g. Litigation, arbitration, or mediation that causes delay.

11. This court retains jurisdiction over this matter. And, while this decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute. Such a meeting should be held as soon as practical but must be held within 30 days after notice of a request for such a meeting to the other party and its counsel of record. If no resolution is reached at that meeting either party may file a motion with this court to resolve the dispute.

12. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, upon the signing of this Consent Decree by the parties, Waste Action Project shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

13. This Consent Decree takes effect upon entry by the court. It terminates two years after that date.

14. Both parties have participated in drafting this decree.

15. This Consent Decree may be modified only upon the approval of the court.

16. If for any reason the court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the court to entry of this Consent Decree.

CONSENT DECREE: No. 11-5810RJB
p. 6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

17.     Notifications required by this Consent Decree must be in writing. The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) e-mail. For a notice or other communication regarding this decree to be valid, it must be delivered to the receiving party at the addresses listed below or to any other address designated by the receiving party in a notice in accordance with this paragraph 17.

**if to WAP:**

Waste Action Project
P.O. Box 4832
Seattle, WA  98194
email: gwingard@earthlink.net

**and to:**

Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
email: rasmithwa@igc.org

**if to Union Pacific:**

Robert Bylsma
Union Pacific Railroad Company
10031 Foothills Blvd., Suite 200
Roseville, CA  95747-7101
email: rcbylsma@up.com

**and to:**

Stephen Parkinson
Joyce Ziker Parkinson PLLC
1601 5th Avenue
Suite 2040
Seattle, WA  98101
email: sparkinson@jzplaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day,

CONSENT DECREE: No. 11-5810RJB
p. 7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided via e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 21st day of Dec, 2012.

HON. ROBERT J. BRYAN
UNITED STATES DISTRICT JUDGE

Presented by:

JOYCE ZIKER PARKINSON PLLC

By _____
Stephen T. Parkinson, WSBA #21111
Attorneys for Defendant
Union Pacific Railroad Company

SMITH & LOWNEY PLLC

By s/Richard A. Smith
Richard A. Smith, WSBA #21788
Attorneys for Plaintiff
Waste Action Project

CONSENT DECREE: No. 11-5810RJB
p. 8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883